UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| WILLIAM SAVOIE, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>GULICK TRUCKING, INC., an Oregon Corporation;<br><br>Defendant. | NO.<br><br>**COMPLAINT FOR DAMAGES**<br><br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff William Savoie ("Savoie" or "Plaintiff") requests damages and attorneys' fees and costs for the wrongful conduct of his former employer, Gulick Trucking, Inc. ("Gulick" or "Defendant").

**I.   JURISDICTION AND VENUE**

1.1   This action arises from an employment relationship between Plaintiff and Defendant. Plaintiff alleges claims based on violations of Washington's Paid Family and

Medical Leave statute ("WPFML"), the Family Medical Leave Act ("FMLA"), and Washington statutes governing meal and rest breaks and the payment of wages.

1.2     This Court has subject matter jurisdiction over Plaintiff's federal law claim pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

1.3     Venue is proper in the Western District of Washington because the events and transactions giving rise to Plaintiff's claims took place in the Western District of Washington.

## II.     PARTIES

2.1     Plaintiff Savoie resides in Clark County, Washington.

2.2     Defendant is an "employer" with the requisite number of employees to be subject to both WPFML and FMLA.

2.3     Defendant's principal place of business is located in Vancouver, Washington.

2.4     At all times relevant, Defendant employed Plaintiff in Vancouver, Washington.

## III.     FACTUAL BACKGROUND

3.1     Savoie worked full-time for Gulick as a night-shift support staff.

3.2     In or around May 2022, Savoie informed his manager that he would need to take family medical leave in late June 2022 for the birth of his child.  At that time, Savoie did not know the exact date of the leave because he wanted to time it as close to the birth of his child as possible.

3.3     Savoie's manager was not happy with Savoie's request for family medical leave.  In fact, she told other Gulick employees that she was going to actively look for a

reason to terminate Savoie before his leave started because she knew how difficult it would be to terminate Savoie after he took leave.

3.4     Shortly thereafter, Savoie's manager began falsely accusing Savoie of performance issues.

3.5     Savoie complained to Gulick's Human Resources Department that his manager was retaliating against him because he was attempting to take family medical leave. He also complained that his manager was creating a hostile work environment.  Gulick's Human Resources Department did not remedy, much less investigate, Savoie's concerns.

3.6     One date before his scheduled family medical leave, and less than two weeks after he complained about his manager retaliating against him for seeking family medical leave, Gulick fired Savoie.  Gulick alleges it fired Savoie for his improper reporting of a safety violation.

3.7     Prior to disclosing his need for family medical leave, Plaintiff had never been issued any written warnings or performance improvement plans.

3.8     Savoie's manager has retaliated against and summarily terminated other employees for seeking or taking family medical leave, something the company knows about due to previously unaddressed complaints.

3.9     Throughout Plaintiff's employment he was not provided with all of his statutorily required meal and rest breaks.  At no relevant time did Plaintiff waive his right to meal and rest breaks.

### IV.     CLAIMS

**FIRST CAUSE OF ACTION**
**(WPFML Interference and Retaliation – RCW 50A *et seq*.)**

4.1     Plaintiff re-alleges and hereby incorporates paragraphs 1.1 through 3.9 above.

COMPLAINT FOR DAMAGES - 3

4.2     Plaintiff provided Defendant with adequate notice of his need to take WPFML.

4.3     Following Plaintiff's notice, Defendant retaliated against Plaintiff by falsely accusing Plaintiff of poor performance and by terminating Plaintiff's employment.

4.4     Defendant knew or should have known of the interreference or retaliation and failed to take reasonably prompt and adequate corrective action designed to end it.

4.5     The above facts give rise to claims against Defendant for violations of WPFML statute including, but not limited to, RCW 50A.40.010.

## SECOND CAUSE OF ACTION
## (FMLA Interference and Retaliation - 29 U.S.C. §§ 2601-2654)

4.7     Plaintiff re-alleges and hereby incorporates paragraphs 1.1 through 4.5 above.

4.8     Plaintiff provided Defendant with adequate notice of his need to take FMLA.

4.9     Following Plaintiff's notice, Defendant retaliated against Plaintiff by falsely accusing Plaintiff of poor performance and by terminating Plaintiff's employment.

4.10    Defendant knew or should have known of the interreference or retaliation and failed to take reasonably prompt and adequate corrective action designed to end it.

4.11    The above facts give rise to a claim against Defendant for violations of the FMLA including, but not limited to, 29 U.S.C. § 2615(a)(1)-(2).

## THIRD CAUSE OF ACTION
## (Failure to Provide Meal and Rest Breaks)

4.12    Plaintiff re-alleges and hereby incorporates paragraphs 1.1 through 4.11 above.

4.13     Defendant failed to provide meal and rest breaks in violation of RCW 49.12.010 and WAC 296-126-092.  As a result, Plaintiff was denied wages and, potentially, overtime compensation in violation of RCW 49.46 *et seq.* and RCW 49.48 *et seq.*

4.14   As a result of Defendant's willful and knowing conduct, Plaintiff is similarly entitled to double damages and attorneys' fees and costs pursuant to RCW 49.46.090, RCW 49.48.030 and RCW 49.52.070

## V.   DAMAGES

5.1   Plaintiff re-alleges and hereby incorporate paragraphs 1.1 through 4.14 above.

5.2   As a direct result of Defendant's unlawful actions, Plaintiff has suffered damages, including but not limited to lost wages and benefits, liquidated and double damages, and attorneys' fees and costs, all in amounts to be determined at trial.

## VI.   DEMAND FOR JURY

6.1   Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury as to all issues so triable in this action.

## VII.   PRAYER FOR RELIEF

WHEREFORE Plaintiff prays that the Court enter judgment against Defendant for the following:

a.   Damages for back pay, front pay, and lost benefits in an amount to be determined at trial;

b.   Liquidated damages;

c.   Double damages;

d.   Prejudgment interest;

e.   Compensation for the tax consequences associated with a damages award;

f.   Attorneys' fees and costs pursuant to any applicable statutes; and

g.   Any further and additional relief that the court deems just and equitable.

DATED this 24th day of August, 2022.

**MBE LAW GROUP PLLC**

By: _s/ Lisa A. Burke_

    Lisa A. Burke, WSBA No. 42859
    1700 Seventh Ave., Suite 2100
    Seattle, Washington 98101
    Tel: (206) 400-7722
    Fax: (206) 400-7742
    Email: lburke@mbelg.com

*Attorneys for Plaintiff Savoie*